UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY DAVID JONES, | ) |
| Plaintiff, | ) |
| v. | ) No.: 17-1344-EIL |
| DUSTIN BAYLER, | ) |
| Defendant. | ) |

## ORDER

**ERIC I. LONG, U.S. Magistrate Judge:**

This cause is before the Court following a remand from the United States Court of Appeals for the Seventh Circuit.

The Court has now received the mandate from the Seventh Circuit that reversed this Court's dismissal Order as to Defendant Dustin Bayler. In its order, the Seventh Circuit determined that Plaintiff had properly exhausted two grievances against Defendant Bayler as required by the Prison Litigation Reform Act. Therefore, this case will proceed on Plaintiff's First Amendment retaliation claim against Defendant Bayler.

Based upon the Court's docket, it is clear that the Parties have engaged in some discovery prior to the Court's Summary Judgment Order dismissing this case. Because the Court does not know if some of that discovery involved the merits of Plaintiff's claim and because the Court does not know if the Parties need to conduct additional discovery in order to litigate this case properly, the Court will allow for a discovery period. At the conclusion of this discovery period, the Parties may move for summary

judgment, if such a motion is warranted and proper, on the merits of Plaintiff's claim. If either Party believes that additional action is necessary from the Court at this time, that Party may file a motion asking for additional relief.

**IT IS, THEREFORE, ORDERED:**

    1.    **The Clerk of the Court is directed to re-open this case against Defendant Dustin Bayler pursuant to the remand from the United States Court of Appeals for the Seventh Circuit.**

    2.    **This case is limited to Plaintiff's First Amendment retaliation claim against Defendant Dustin Bayler.**

    3.    **The discovery deadline is July 2, 2021.**

    4.    **Written discovery requests must be mailed to a party at least thirty (30) days before the discovery deadline.**

    5.    **Discovery requests and responses are not to be filed with the Court. CDIL-LR 26.3(A). Plaintiff must mail his discovery requests directly to Defendant's counsel and not file the requests with the Court or the Clerk. Discovery requests sent to the Clerk or Court will be returned unfiled, unless those requests are attached to and the subject of a motion to compel.**

    6.    **A motion to compel cannot be filed until after a party has failed to adequately respond to a discovery request. Additionally, motions to compel must be filed within fourteen (14) days of receiving an unsatisfactory response to a timely discovery request. Motions to compel discovery must be accompanied by the relevant portions of the discovery**

request and the response. The Party filing the motion must explain exactly what information he or she seeks and why the response was inadequate. A motion to compel which does not contain this information may be stricken.

7. The dispositive motion deadline is August 6, 2021. A summary judgment motion filed by Defendant which relies on Plaintiff's deposition or medical records must attach the complete copy of the deposition and the complete medical records for the relevant time period. If no response to the summary judgment motion is filed, the motion will be considered uncontested. The response to a summary judgment motion must be supported with more than just the allegations made in the complaint. The response must be supported with evidence, including affidavits made on personal knowledge; documents in the record; and information provided during discovery. Replies to responses to summary judgment motions are allowed but must be limited to addressing new matters raised in the response and not restating arguments already raised in the motion for summary judgment. CDIL-LR 7.1(D)(3).

8. The Court will set a final pretrial conference date and a trial setting, if necessary, after the Court rules upon any dispositive motion(s) that the Parties may file.

Entered this 24th day of February, 2021

                                           s/ Eric I. Long
                                               ERIC I. LONG
                                 UNITED STATES MAGISTRATE JUDGE